Jimmy MADDOX, Plaintiff-Appellant,

v.

Charles MONTGOMERY, Warden, Georgia State Prison, Defendant-Appellee.

No. 83–8160
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 3, 1983.

E. Kontz Bennett, Jr., Waycross, Ga., Maureen A. Cahill, Athens, Ga., for plaintiff-appellant.

Janice G. Hildenbrand, Asst. Atty. Gen., Atlanta, Ga., for defendant-appellee.

Before FAY, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Jimmy Maddox was convicted of rape in a Georgia state court and sentenced to life imprisonment. At the trial, appellant and the alleged victim, Kathy Elder, gave radically different accounts of the events in question. Elder testified that on a number of occasions prior to the alleged rape, appellant had approached her purportedly seeking to sell her an insurance policy. On the morning in question, while Elder was dressing her two sons, appellant ap-

peared at her apartment and again asked whether she wanted the insurance. After explaining that she had discovered that she could get insurance at work, Elder went into the bedroom to retrieve coats for the boys. Elder testified that appellant followed her into the room and forcibly raped her on the bed. Another witness for the prosecution, Debbie Phillips, testified that she had once taken out insurance with appellant, but had dropped it after he had come to her home on a Saturday night. Appellant testified that he and Elder had had voluntary sexual relations on several occasions prior to the alleged rape and that Elder had consented to their sexual relations on the morning in question.

Having unsuccessfully pursued his direct appeal and the state post-conviction remedy, appellant filed a federal habeas corpus petition alleging prosecutorial suppression of exculpatory evidence in violation of the doctrine of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Specifically, appellant asserted that his right to due process was violated by the state's failure to disclose (1) a photograph taken by the police shortly after the alleged rape showing Elder's bed neatly made, (2) the results of a police examination of the bedspread which revealed no blood, semen or other fluid, and (3) a written statement by another witness, Brenda Phelps, that Debbie Phillips had stated that she dropped her insurance with appellant for financial reasons. Appellant appeals the denial of habeas relief. We affirm.

■ There are four types of situations in which the *Brady* doctrine applies:

(1) the prosecutor has not disclosed information despite a specific defense request; (2) the prosecutor has not disclosed information despite a general defense request for all exculpatory information or without any defense request at all; (3) the prosecutor knows or should know that the conviction is based on false evidence[; (4)] the prosecutor fails to disclose purely impeaching evidence not concerning a substantive issue, in the absence of a specific defense request.

*United States v. Anderson,* 574 F.2d 1347, 1353 (5th Cir.1978).[1] Inasmuch as appellant filed no pretrial request—specific or general—for exculpatory information, the present case falls within the second category with respect to the photograph of the bed and the results of the police examination of the bedspread and within the fourth category with respect to Phelps' statement.

■ In order to prevail on a *Brady* claim, one must establish the materiality of the exculpatory information suppressed by the prosecution. *United States v. Kopituk,* 690 F.2d 1289, 1339 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 2090, 77 L.Ed.2d 300 (1983); *Anderson,* 574 F.2d at 1353. The applicable threshold of materiality, however, varies depending on the type of situation. Where, as here, the state failed to disclose substantive evidence favorable to the defendant for which there was no specific request, the standard set forth in *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), governs. In *Agurs,* the Supreme Court stated that such a failure to disclose violates due process only "if the omitted evidence creates a reasonable doubt that did not otherwise exist." *Id.* at 112, 96 S.Ct. at 2401; *accord United States v. Kubiak,* 704 F.2d 1545, 1551 (11th Cir.1983). In *Cannon v. Alabama,* 558 F.2d 1211 (5th Cir.1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978), the former Fifth Circuit explained:

Applying this standard requires an analysis of the evidence adduced at trial and of the probable impact of the undisclosed information. In this context, we cannot merely consider the evidence in the light most favorable to the government but must instead evaluate all the evidence as it would bear on the deliberations of a factfinder.

*Id.* at 1213–14.

■ With regard to the photograph of the bed, we agree with the district court

---

**1.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

that "the undisclosed photograph does not create a reasonable doubt as to [appellant's] guilt that did not otherwise exist," Order, p. 8, and thus is not material under *Agurs.* Similarly, the results of the police examination of the bedspread do not give rise to a reasonable doubt and again are immaterial under *Agurs.* Although both pieces of evidence, if admitted at trial, might conceivably have affected the jury's verdict, the constitutional threshold of materiality is higher. *See Agurs,* 427 U.S. at 108–09, 96 S.Ct. at 2400. Insofar as this information is merely consistent with appellant's version of the incident and scarcely contradicts the alleged victim's testimony, and in view of the substantial inculpatory evidence in the record, the evidence at issue is not sufficiently material to render the state's failure to disclose unconstitutional.

■ The standard of materiality in a case, such as this one, involving the prosecution's suppression of impeaching evidence absent a specific request was recently discussed in *United States v. Blasco,* 702 F.2d 1315 (11th Cir.), *cert. denied,* — U.S. ——, ——, 104 S.Ct. 275, 276, 78 L.Ed. 2d 256 (1983). There this Court noted, "[i]f the suppressed evidence is purely impeaching evidence and no defense request has been made, the suppressed evidence is material only if its introduction probably would have resulted in acquittal." *Id.* at 1328; *accord Anderson,* 574 F.2d at 1354. Given the relatively minor role of Phillips' testimony and the limited impact that Phelps' statement would likely have had on the jury's assessment of Phillips' credibility, appellant is unable to demonstrate that the undisclosed evidence probably would have resulted in an acquittal. Accordingly, the evidence is immaterial under *Blasco,* and its suppression did not violate appellant's due process right.

For the foregoing reasons, the district court's dismissal of appellant's habeas petition is AFFIRMED.